UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

JOEL THURTELL
    Plaintiff,
-vs.-                                          **DEMAND FOR JURY TRIAL**

NCO FINANCIAL SYSTEMS, INC.
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Joel Thurtell, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is NCO Financial Systems, Inc. ("NCO"), a foreign corporation doing business in Oakland County, MI.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant has been calling Plaintiff over Plaintiff's son's alleged consumer type debt ("Abraham Thurtell" or "Abraham").

7. Abraham lives in Connecticut.

8. Around December 2010, Abraham called NCO and arranged to repay his student loan.

9. He has been making payments to the Department of Education since early January 2011.

10. Plaintiff first started receiving phone calls from Defendant in the fall of 2010.

11. In December of 2010, Plaintiff received several phone calls from a "Javon Sullivan" from NCO.

12. In December of 2010, Abraham Thurtell contacted the Defendant and provided it with his cell phone number and home address in Connecticut.

13. Since that time, NCO has been calling Abraham's cell phone and the Plaintiff.

14. Abraham has also been receiving letters from NCO at his Connecticut address.

15. On or about February 2, 2011, Plaintiff received a call from a "Naomi" from NCO stating that she wanted Abraham to call her.

16. On or about February 9, 2011, Plaintiff received another phone call from a "Naomi" from NCO, again stating that she wanted Abraham to call her.

17. Between February 9, 2011, and March 14, 2011 Plaintiff received a phone call from a male representative at NCO who was abusive and insisted that Plaintiff give him Abraham's contact information.

18. On or about March 14, 2011, Defendant's agent, Mr. Sullivan called the Plaintiff and directed him to have Abraham call him.  Mr. Sullivan promised to call the Plaintiff every day until Plaintiff gave him Abraham's contact information.

19. On or about March 30, 2011, Mr. Sullivan again called Plaintiff and asked for Abraham's contact information.

20. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates the preceding allegations by reference.

22. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

24. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

25. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

26. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

29. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

30. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

31. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

32. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

33. Plaintiff incorporates the preceding allegations by reference.

34. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

35. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

36. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

37. Plaintiff has suffered damages as a result of these violations of the MCPA.

38. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted.

| | |
|---|---|
| April 18, 2011 | /s/ Gary Nitzkin |
| | GARY D. NITZKIN (P 41155) |
| | NITZKIN & ASSOCIATES |
| | Attorneys for Plaintiff |
| | 22142 West Nine Mile Road |
| | Southfield, MI 48034 |
| | (248) 353-2882 |
| | Fax (248) 353-2882 |
| | Email - gnitzkin@creditor-law.com |